IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROCTER & GAMBLE COMPANY,

                                               ORDER

               Plaintiff,

                                          08-cv-251-bbc

    v.

McNEIL-PPC, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant McNeil-PPC, Inc. has moved to transfer venue in this case involving claims of patent infringement to the District of New Jersey under 28 U.S.C. § 1404(a). This section permits a district court to transfer any civil action to any district in which the case might have been brought, on a showing that the transfer is for the convenience of the parties and witnesses or in the interests of justice.

      Defendant contends that the convenience factor supports a transfer to its preferred jurisdiction because many of its employees who are knowledgeable about defendant's products work in its New Jersey facilities, its pertinent documents are located in New Jersey and non-company witnesses will find the New Jersey location more convenient. It concedes that it itself is neither headquartered nor incorporated in New Jersey, but alleges that its

1

Pennsylvania headquarters are not far from the district court in Camden, New Jersey.

Plaintiff relies on the interest of justice prong of the statute, arguing that litigation in New Jersey will take many more years than a trial in this district. It believes that sending the case to New Jersey will cause it economic loss while it waits for a resolution of its claims of infringement of its patented teeth whitening strips by defendant's newly competing products. Defendant contests plaintiff's alleged interest in speed to resolution, pointing out that it waited to sue for nine months after learning of defendant's products. Plaintiff says that it tried to workout a settlement of the dispute with defendant in an effort to obviate the need for litigation.

Plaintiff argues that the New Jersey statistics show that the average time for litigating a patent suit there is more than 60 months; defendant challenges those statistics but admits that civil cases as a whole take an average of three years from filing to disposition. Assuming that this case were to be transferred and scheduled promptly for trial, it is improbable that it would be tried before June 1, 2009, the scheduled date for trial in this court. My own view of the statistics that defendant has provided shows that the district judges in New Jersey are heavily burdened with patent cases, with an average of 54 for each active judge. I am not inclined to add to their burden, if it is not necessary.

In any event, I believe that plaintiff's concerns outweigh defendant's. Plaintiff believes that defendant is infringing its very successful products and taking away market

share. When a patent infringement case centers on competing products in a dynamic market, the factor of speed takes on more importance than it might in another kind of case. Although plaintiff could seek a preliminary injunction in any transferee district if it could not receive a prompt trial date, preliminary injunction motions are expensive and time-consuming for the parties, the lawyers and the court. Inevitably, they compress in a very short time all of the elements required for preparation for trial: claim construction, discovery of experts, analysis of prior art and close examination of the allegedly infringing products.

Against plaintiff's desire for relative speed, defendant's showing of inconvenience is not particularly compelling. The only witnesses it discusses are its fact witnesses; in patent cases, it is not usual for these witnesses to play a big part at trial. The starring roles are usually reserved for the experts, who may come from anywhere in the world. Defendant has not said where its experts are located, but it has not suggested that it will be any inconvenience for them to appear wherever they are needed. To the extent that employee witnesses will be called, the parties will have little difficulty persuading them to attend trial. True, it would be less convenient for them to attend in Madison than in Camden, but, as a rule, patent trials in this court do not last long and the inconvenience will be brief. As for employees of other companies, defendant has not suggested any testimony that they might give that would be relevant.

In today's world, the location of documents has no bearing on convenience. Even

3

paper documents are easily transported if for some reason they cannot be scanned and sent electronically.

In short, I am not persuaded that defendant's reasons for litigating in New Jersey outweigh plaintiff's reasons for choosing to litigate in this district or that the interests of justice would be served by a transfer. Therefore, defendant's motion to transfer will be denied.

## ORDER

IT IS ORDERED that defendant McNeil-PPC, Inc.'s motion for a transfer of venue to the District of New Jersey under 28 U.S.C. § 1404(a) is DENIED.

Entered this 22nd day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4