IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROCTER & GAMBLE COMPANY,

                        Plaintiff,

    v.

MCNEIL-PPC, INC.,

                        Defendant.

ORDER

08-cv-251-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Procter & Gamble Company brought this action for patent infringement against defendant McNeil-PPC, Inc, alleging that defendant's Listerine Whitening® Quick Dissolving Strips infringe United States Patents Nos. 6,949,240 (the '240 patent) and 6,551,579 (the '579 patent), both of which are owned by plaintiff.

      Now before the court is plaintiff's motion to dismiss its patent infringement claims regarding the '579 patent pursuant to Fed. R. Civ. P. 41(a) and its motion to dismiss defendant's invalidity counterclaim pursuant to Fed. R. Civ. P. 12(b)(2). Defendant McNeil–PPC, Inc has filed a statement asserting that it does not oppose plaintiff's motion as long as plaintiff's claims are dismissed with prejudice and defendant's counterclaims are dismissed without prejudice.

1

Plaintiff asks this court to dismiss its claims with prejudice because it has executed a covenant not to sue defendant for claims arising out of '579 patent. Dkt. #241, at 1-2. I will grant plaintiff's motion to dismiss these claims with prejudice.

Plaintiff contends that with the dismissal of the '579 patent infringement claim this court lacks subject matter jurisdiction over defendant's invalidity counterclaims regarding the '579 patent because there would no longer be a case or controversy. As I have discussed in previous opinions, General Electric Co v. Sonosite, Inc, 568 F. Supp. 2d 983, 993 (W.D. Wis. 2008); Silicon Graphics, Inc. v. ATI Technologies, Inc., 573 F. Supp. 2d 1108, 2008 WL 3971152 (W.D. Wis. 2008), district courts have discretion to dismiss a defendant's invalidity counterclaims before trial when plaintiff's infringement claims have been dismissed, particularly if the invalidity claims are "not plainly evident." Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998) (quoting Leesona Corp. v. United States, 208 Ct. Cl. 871, 530 F.2d 896, 906 n. 9 (Cl. Ct. 1976)). Because I am dismissing plaintiff's infringement claims and defendant's invalidity counterclaims do not appear to be plainly evident and defendant does not oppose dismissal, I will exercise my discretion to dismiss the counterclaims.

ORDER

IT IS ORDERED that the motion to dismiss claims and counterclaims regarding U.S.

Patent 6,551,579 by plaintiff Procter & Gamble Company is GRANTED. Plaintiff's claim that defendant McNeil-PPC, Inc. infringed the '579 patent is DISMISSED with prejudice and defendant's counterclaim for invalidity with respect to the '579 patent is DISMISSED without prejudice.

Entered this 24th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3